**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | |
| Plaintiffs, | No. 17 CV 44 |
| | Judge |
| v. | Magistrate Judge |
| JDM LLC, an Illinois limited liability company. | |
| Defendant. | |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Grant R.Piechocinski, and ARNOLD

1

AND KADJAN, complain against Defendant JDM, LLC, an Illinois limited liability company, as follows:

## COUNT I

### Jurisdiction and Venue

1. a. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

   b. Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 19 U.S.C. Section 185, and 28 U.S.C. Section 1331, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; , TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (the

"Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. Defendant JDM LLC, an Illinois limited liability company, ("JDM") is an employer engaged in an industry affecting commerce.

### The Agreements

7. JDM entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about **December 3, 2012** whereby JDM agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. In the Labor Agreement, JDM also agreed to be bound to the Plaintiffs' Funds' Declarations of Trust. A copy of the Labor Agreement is attached as "Exhibit A."

8. Pursuant to the provisions of the Labor Agreement and Trust Agreements, JDM is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, JDM is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

9. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, JDM is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not JDM is in compliance with its obligation to contribute to the Funds.

10. JDM has failed to make monthly reports and contributions to the Plaintiffs for since on or about October, 2016 through the present. JDM has also breached the Labor Agreement and Trust Agreements by failing to timely make fringe benefit fund contributions when they became due, and as a result is required to pay liquidated damages as a consequence thereof. Plaintiffs, therefore, require an audit to determine the full extent of JDM's noncompliance with its obligations to make payments to the Funds.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. That JDM be ordered to produce books and records for a fringe benefit Fund contribution compliance audit for the period from July 1, 2013 through the present: and

B. Judgment be entered against JDM and in favor of Plaintiffs, in the amount shown to be due based on its reports and the audit

C. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, and any prior accumulated liquidated damages, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

    B.    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: _/s/ James R. Anderson_
      One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415

5